UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALBERT L. PEIA,<br>        Plaintiff,<br><br>        v.<br><br>RICHARD M. COAN, COAN,<br>LEWENDON, GULLIVER, and<br>MILTENBERGER, L.L.C., JOHN DOE<br>SURETY 1, JOHN DOE INSURER 2,<br>JOHN DOES 3-10,<br>        Defendants. | CIVIL ACTION NO.<br>3:05cv1029 (SRU) |

## RULING ON MOTION TO DISMISS

Albert Peia filed this action in June 2005, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 *et seq*., breach of fiduciary duty, and negligence.  Richard Coan ("Coan") and the law firm Coan, Lewendon, Gulliver, and Miltenberger, L.L.C. ("the Coan Firm") filed a motion to dismiss those claims pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure.  For the reasons that follow, I grant the motion to dismiss.

**I.     Background**

The following facts, taken from Peia's complaint, are assumed to be true for present purposes.

The United States Bankruptcy Court for the District of Connecticut appointed Coan to be the trustee of Peia's bankruptcy estate in proceedings that began around 1996.  The Coan Firm has it principal place of business in Connecticut, and in effect rendered legal services to Coan in his capacity as bankruptcy trustee.  At all relevant times, Coan and the Coan Firm were acting within the scope of their authority as bankruptcy trustee and counsel to the trustee.

Coan, the Coan Firm, and unnamed "John Doe" insurance companies engaged in a fraudulent conspiracy that also included several federal judges, Assistant United States Attorneys, and federal officials, who were not named as defendants in this case. Peia contends that the conspirators falsified official information, obstructed justice, retaliated against witnesses, laundered money, engaged in bribery, conspired to defraud Peia, and engaged in deceitful racketeering activities, all with the intent of injuring Peia's property and business. The alleged RICO conspiracy spanned several states, including Connecticut, New Jersey, Virginia, and California.

Specifically, Coan and the Coan Firm used their positions as bankruptcy trustee and counsel to the trustee to further the conspiracy, and as such, they also breached their fiduciary duties. As a result of that RICO conspiracy, Peia's estate and the creditors of his estate suffered damages.

**II.     Discussion**

It is well settled that when an individual sues a trustee for acts taken in the trustee's capacity as an officer of the court, the individual must first obtain leave of the court that appointed the trustee. *Barton v. Barbour*, 104 U.S. 126, 131 (1881); *In re Lehal Realty Associates*, 101 F.3d 272, 276 (2d Cir. 1996) (citing *Vass v. Conron Bros. Co.*, 59 F.2d 969 (2d Cir. 1932); *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993); *In re Baptist Medical Center of New York*, 80 B.R. 637, 643 (Bankr. E.D.N.Y. 1987)). Known as the *Barton* Doctrine, that rule stems from the Supreme Court decision, *Barton v. Barbour*, and a long line of decisions interpreting that decision. The *Barton* Doctrine extends to attorneys who represent the bankruptcy estate, not only to the trustee himself. *In re Nathurst*, 207 B.R. 755, 758 (Bankr.

M.D. Fla. 1997) (holding that *Barton* Doctrine protects not only the trustee, but also attorney of the trustee); *In re DeLorean Motor Co.*, 991 F.2d at 1240-41.

The *Barton* Doctrine is based on the principle that "a trustee in bankruptcy is an officer of the court that appoints him." *In re Lehal Realty Associates*, 101 F.3d at 276. Therefore, the purpose of the *Barton* Doctrine is to give effect to the appointing court's strong interest in protecting the trustee from personal liability for acts taken within the scope of the trustee's official duty. *Id.* That does not mean that an individual may not sue a trustee for actions taken in his official capacity, but rather that he must simply obtain leave of the court that appointed the trustee before suing the trustee in another court. *In re Baptist Medical Center of New York*, 80 B.R. at 643-44.

Here, the United States Bankruptcy Court for the District of Connecticut appointed Coan, and by extension, the Coan Firm. Complaint, ¶¶ 59-60. Coan has now filed suit against Coan and the Coan Firm for actions taken in their official capacities as officers of the Bankruptcy Court. Complaint, ¶¶ 5-6. Peia did not obtain leave of the Bankruptcy Court before filing this lawsuit in the district court. As a result, this court does not have jurisdiction to hear Peia's claims. *See Barton*, 104 U.S. at 131; *see also Lurie v. Blackwell*, 2000 WL 237965 (9th Cir. 2000).

Peia is well aware of the requirement to seek leave of the Bankruptcy Court before filing his claims against Coan and the Coan Firm. Substantially similar claims filed by Peia were dismissed under the *Barton* Doctrine, and that dismissal was affirmed by the Second Circuit. *Peia v. United States of America, et al.*, 152 F. Supp. 2d 226 (D. Conn. 2001), *aff'd*, 2003 WL 1868481 (2d Cir. 2003). Peia argues that the *Barton* Doctrine does not apply, because the

bankruptcy proceedings underlying his claims are closed.  That argument is unpersuasive, because neither the language of the case law interpreting the rule, nor the purpose of the rule suggest that it should not apply when the underlying bankruptcy proceedings have closed.  There is nothing in the *Barton* decision itself, or the line of decisions interpreting it that limits the rule to lawsuits commenced while bankruptcy proceedings are ongoing.  *See In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bankr. N.D. Tex. 2005) (requiring leave of Bankruptcy Court before plaintiff could sue trustee when bankruptcy proceedings had closed).  Additionally, the "weighty, institutional concerns" addressed by the *Barton* Doctrine are relevant whether or not the bankruptcy proceeding is ongoing when an individual files a lawsuit against the trustee.  *See In re Lehal Realty Associates*, 101 F.3d at 277.  That is to say, a court has a strong interest in overseeing and correcting the conduct of its officers and preventing those officers from being brought to court on frivolous charges.  *See id.*

Finally, there is an exception to the *Barton* Doctrine, codified in 28 U.S.C. § 959.  Pursuant to that exception, individuals do not need to obtain leave of court before suing a bankruptcy trustee if the claim is based on the trustee's "acts or transactions in carrying on business connected with" the bankruptcy estate, as opposed to the trustee's acts or transactions in carrying out his responsibilities as trustee.  28 U.S.C. § 959; *see also* 4 NORTON BANKR. L. & PRAC. 2D § 79:23 (2006).  Peia has not argued that the exception applies here.  Additionally, the facts alleged in Peia's complaint support a claim based on actions taken by Coan in carrying out his official duties as trustee, which are actions that do not fall within the exception to the *Barton* Doctrine.

**III.    Conclusion**

The motion to dismiss filed by Coan and the Coan Firm **(doc. # 6)** is **GRANTED**. Additionally, although it has been over 120 days since Peia filed his complaint, he has not served the unnamed "John Does" listed as defendants. Peia shall serve the unnamed "John Does" within 30 days of entry of this ruling or the claims against the unnamed "John Does" will be dismissed and the case closed. FED. R. CIV. P. 4(m).

It is so ordered.

Dated at Bridgeport, Connecticut, this 23rd day of March 2006.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge